IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HERSE L. WHITE, #329-902     :

  Petitioner         :

    v.           :    Civil Action No.  AMD-07-2090

KATHLEEN GREEN, et al.      :

  Respondents       :
             . . .o0o. . .

MEMORANDUM

Before the court is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254

filed by Herse L. White, an inmate at the Eastern Correctional Institution, attacking his *Alford*[1] plea

entered in the Circuit Court for Prince George's County, Maryland in 2005.  Respondents have

moved to dismiss the action for failure to exhaust state court remedies. For the reasons set forth

herein, the motion to dismiss will be granted without prejudice for lack of exhaustion.[2]

On August 12, 2005, petitioner was sentenced to 10 years incarceration following entry of

his *Alford* plea to possession of cocaine with the intent to distribute and possession of a handgun.

His application for leave to appeal was denied by the Court of Special Appeals of Maryland on

March 13, 2006. No mandate has issued in the case. According to respondents, the Clerk's Office

of the Court of Special Appeals indicated on October 23, 2007, that the case is on "hold" based on

---

[1]*See North Carolina v. Alford*, 400 U.S. 25, 27 (1970).

[2]After exhaustion of  state court remedies, petitioner may refile his federal habeas claim
in this court.  The Clerk will send a blank § 2254 form to petitioner in the event he intends to
refile. Petitioner is cautioned that there is a one-year filing deadline for state prisoners filing
applications for a writ of habeas corpus in federal court. *See* 28 U.S.C. § 2244(d).

appeals filed by White in that case.[3] Resp. Memorandum at 3.

On September 5, 2006, petitioner sought state post-conviction relief in the Circuit Court for Prince George's County. Post-conviction relief was denied on July 17, 2007. White's application for leave to appeal the post conviction court's decision is pending before the Court of Special Appeals. (No. 1240, September Term, 2007).

Before a petitioner may file for habeas relief under 28 U.S.C. §2254, each claim presented to the federal court must be exhausted by seeking review in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. §2254 (b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Court of Special Appeals and then to the Court of Appeals by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. and Jud. Proc. Art., §§12-201, 12-202, 12-203, 12-301, 12-302, 12-307, and 12-308 (1998 Repl. Vol.). A petitioner may also challenge his convictions pursuant to the Maryland Uniform Post Conviction Procedure Act. *See* Md. Code Ann., Crim Pro. Art., §§ 7-101 et seq. (2001).

Under Maryland law at the time of the conviction here, and subject to certain constraints, *see* Md. Rule 8-204, petitioner was entitled to direct review of his convictions by the Court of Special Appeals in the court's discretion. *See* Md. Cts. and Jud. Proc. Code Ann. § 12-302(e). In general, and subject to certain time limits, *see* Md. Rule 8-204, review from the denial of post-conviction relief is by application for leave to appeal to the Court of Special Appeals of Maryland. *See* Md. Code Ann., Crim. Pro. Art., §7-109 (2001); *Sherman v. State*, 323 Md. 310, 311-12 (1991)

_____

[3]A petition for a writ of certiorari was denied by the Court of Appeals on June 16, 2006. Resp. Ex. 3.

(confirming absence of certiorari jurisdiction to grant post-conviction relief where the Court of Special Appeals has denied application for leave to appeal).  Where the Court of Special Appeals issues a decision that is other than a discretionary determination that there should be no appeal, the Court of Appeals has jurisdiction to review the case. *See Grayson v. State*, 354 Md. 1, 10-12 (1999).

In this case, petitioner's efforts to obtain relief in states court remain pending before the Court of Special Appeals. Consequently, the claims raised in the petition have not been exhausted. Accordingly, this court will dismiss the petition without prejudice for failure to exhaust state court remedies.  An Order follows.


Date: October 29, 2007                                    _/s/_____
                                                          Andre M. Davis
                                                          United States District Judge